UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:17-cr-0066-JMS-MJD |
| | ) | |
| LARRY DARNELL WADE PATTERSON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On July 30, 2019 and February 18, 2021, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on July 12, 2019 and May 19, 2020. Defendant Patterson appeared in person with appointed counsel Dominic Martin (7/20/2019) and retained counsel Denise Turner (2/18/2021).  The government appeared by Barry Glickman and William McCoskey, Assistant United States Attorneys.  U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.The Court advised Defendant Patterson of his rights and provided him with a copy of the petitions.  Defendant Patterson orally waived his right to a preliminary hearing.

2.After being placed under oath, Defendant Patterson admitted violation numbers 1, 2, 3, 4, and 5.  [Docket Nos. 24, and 37.]

3.The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On June 14, 2019, Mr. Patterson submitted a urine sample which tested positive for cocaine. Attempts by the probation officer to contact Mr. Patterson regarding this positive drug test have been unsuccessful. The test was confirmed as positive for cocaine by Alere Laboratory.

As previously reported to the Court, on October 13, 2017, the offender tested positive for cocaine. He denied using the substance, which confirmed positive with Alere Laboratory. On February 7, 13, 20, and 25, 2018, he submitted samples which tested positive for Cannabinoids. He denied using the substance. The samples from February 7, and 20, 2018, confirmed positive for Cannabinoids by Alere Laboratory. On March 6, 2018, Mr. Patterson submitted a urine sample which tested positive for Cannabinoids and amphetamine. He denied using any illegal substances. The positive Cannabinoids test could have been residual from prior use reported to the Court; however, the amphetamine test was confirmed as positive for methamphetamine by Alere Laboratory. On March 13, 20, 21, and 24, 2018, the offender submitted urine samples which tested positive for Cannabinoids, which he denied using. Each of those samples was collected outside of the 30 day residual testing window, which ended on March 7, 2018. The sample from March 13, 2018, confirmed as positive for Cannabinoids with Alere Laboratory.

| | |
|---|---|
| 2 | **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall pay some or all of the costs of testing, if financially able. You shall not attempt to obstruct or tamper with the testing methods."** |

As previously reported to the Court, a February 25, 2018, urine sample collected from Mr. Patterson had a creatinine level that was not consistent with human urine.

| | |
|---|---|
| 3 | **"The defendant shall not travel knowingly outside the district without the permission of the probation officer, who shall grant such permission unless the travel would hinder the defendant's rehabilitation or present a public safety risk.** |

On May 17, 2019, the probation officer received confirmation Mr. Patterson was arrested in South Bend, Indiana, on a child support warrant. The offender did not have permission from the probation officer to be in the Northern District of Indiana nor was the probation officer aware he had left the Southern District of Indiana.

| | |
|---|---|
| 4 | **"The defendant shall permit a probation officer to meet the defendant at home or elsewhere and shall permit confiscation of any contraband the probation officer observes in plain view.  The probation officer shall not conduct such a visit between the hours of 11:00 p.m. and 7:00 a.m. without specific reason to believe a visit during those hours would reveal information or contraband that wouldn't be revealed through a visit during regular hours.  Home visits are crucial to a probation officer's ability to monitor, and to provide services t, an offender."** |

The probation officer last met with the offender at his residence on February 22, 2019, and met with him in the probation office on June 14, 2019. The probation officer has attempted to contact the offender at his residence on March 22, 27, April 23, May 7, 24, June 5, and June 16, 2019. Several of the attempted home visits were prearranged with the offender in which he advised via text message he would be at his residence; however, he was not found at home. At this time, his actual residence is unconfirmed and his exact whereabouts are unknown.

| | |
|---|---|
| 5 | **"You must not commit another federal, state or local crime."** |

On May 15, 2020, Mr. Patterson was arrested in South Bend, Indiana, and charged with resisting law enforcement, a felony, and carrying a handgun without a license, a misdemeanor, in 71D08-2005-F6-000499. Additionally, he was arrested on an outstanding child support warrant. The offender is currently in custody in the St. Joseph County Jail.

According to the arresting state trooper, a traffic stop was initiated on the offender the afternoon of May 15, 2020. Mr. Patterson ran from his vehicle, and a K9 was deployed to stop him. The offender had stopped running as the K9 officer had him down on the ground, but another vehicle pulled up at the scene and he stood up and ran toward the vehicle. The trooper tackled the offender, and a struggle ensued between the offender, the K9 officer, and the trooper. Mr. Patterson was eventually subdued and arrested. A loaded handgun and approximately $10,000 was recovered

        subsequent to arrest. During the struggle the trooper suffered injuries that required multiple stitches.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The parties jointly recommended a sentence of ten (10) months with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of ten (10) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.
and file written objections with the District Judge.

Date: 2/22/2021

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system